UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Hickson,<br><br>                     Plaintiff,<br><br>vs.<br><br>**Officer John Stewart**, Individually and in his official capacity as a Lake City Police Officer; **Officer Sandy Thompson**, Individually and in his official capacity as a Lake City Police Officer; **Officer Kevin Cook,** Individually and in his official capacity as a Lake City Police Officer; **Chief of Police Billy Brown** and/or **Jody Cooper**, Individually and in their official capacity as the Former and/or Present Chief of Police of the Lake City Police Department; **The Lake City Police Department**; **The City of Lake City,** and **ABC Insurance Company**,<br><br>                     Defendants. | C/A No. 4:15-2433-CMC-TER<br><br>REPORT AND RECOMMENDATION<br>(for partial summary dismissal) |

This is a civil action filed *pro se*. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

The plaintiff has brought suit against the City of Lake City, its police department and various officers thereof, as well as "the ABC Insurance Company." In a separately-filed order, the undersigned is authorizing service of process upon the five individual defendants, as well as the City

1

of Lake City.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights,

privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." Municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. Gore v. Conway Police Dept., No. 9:08–1806–RBH, 2008 WL 2566985 (D.S.C. June 26, 2008). This view is in accord with the majority of federal courts that have addressed this issue. See id. After review and consideration, the Complaint should be partially summarily dismissed as to Defendant Lake City Police Department as it is not a "person" who can act "under color of state law," which is a requirement in order to establish liability of any litigant under § 1983. See id., See also, Causey v. City of Myrtle Beach, 2013 WL 3337804 (D. S. C. 2013); Gore v. Conway Police Dept., No. 9:08–1806–RBH, 2008 WL 2566985 (D.S.C. June 26, 2008). Because it is not a person who can be sued under § 1983, this case cannot go forward against the Lake City Police Department and, thus, the Complaint should also be partially summarily dismissed as to this Defendant.

Additionally, no plausible federal claim is stated against Defendant ABC Insurance Company and, therefore, the Complaint also should be partially summarily dismissed as to this Defendant. There are no allegations of any action or inaction by this Defendant which would present a potential federal claim evident from the face of the Complaint. Rather the only allegations are that this Defendant provided insurance coverage to other named Defendants.

Additionally, no plausible § 1983 claim is stated against this Defendant because it is not a "state actor." To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: ( 1 ) the

defendant deprived him or her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); see also Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir.1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); see United States v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of America, AFL–CIO, 941 F.2d 1292 (2d Cir.1991). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar, 457 U.S. at 936 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961).

  Whether a private individual's or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action ... so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). It is well settled that "a private person does not act under color of state law simply because he invokes state authority." Brummett v.

Camble, 946 F.2d 1178, 1184 (5th Cir.1991). There are insufficient allegations to indicate that Defendant ABC Insurance Company in any way became a state actor simply because it allegedly has written insurance for ceratin of the other named Defendants.

Finally, to the extent that the Complaint could be liberally construed as stating any viable state-law based claims against these two Defendants that could be considered under this court's supplemental jurisdiction because they arise out of the same transaction, the court should decline to exercise such jurisdiction insofar as these two Defendants are concerned and any viable state-law based claims against them should be dismissed without prejudice so that Plaintiff may pursue her remedies in an appropriate state forum should she choose to do so. See Webb v. McCullough, 828 F.2d 1151, 1160 (6th Cir.1987) ("[i]f the federal claims are dismissed before trial ... the state claim[s] should be dismissed as well."); see also United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

### RECOMMENDATION

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case without prejudice as to Defendants Lake City Police Department, and ABC Insurance Company. See United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); see also Neitzke v. Williams, 490 U.S. at 324–25. The Complaint should be served on the remaining Defendants.

|  |  |
|---|---|
| September 16, 2015 | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).