UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HICKSON, | ) | Civil Action No.: 4:15-cv-2433-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | |
| OFFICER JOHN STEWART, Individually | ) | |
| and in his official capacity as a Lake City | ) | |
| Police Officer; OFFICER SANDY | ) | REPORT AND RECOMMENDATION |
| THOMPSON, Individually as in his official | ) | |
| capacity as a Lake City Police Officer; | ) | |
| OFFICER KEVIN COOK, Individually and | ) | |
| in his official capacity as a Lake City Police | ) | |
| Officer; CHIEF OF POLICE BILLY | ) | |
| BROWN and/or JODY COOPER, | ) | |
| Individually and in their official capacities | ) | |
| as the former and/or present Chief of Police | ) | |
| of the Lake City Police Department; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging claims of false arrest and excessive force. She also alleges state law claims for negligence, battery and intentional infliction of emotional distress. Presently before the court is Defendants' Motion for Summary Judgment (Document # 41). Because she is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the motion could result in the motion being granted, resulting in dismissal of her claims. Plaintiff has not filed a response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This Report and Recommendation is entered for review by the district judge.

-2-

**II.     FED.R.CIV.P. 41(b)**

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for her actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been

filed to the motion for summary judgment. Because Plaintiff has failed to file a response to the motion despite the warning that failure to do so could result in dismissal of her claims, the undersigned concludes Plaintiff has abandoned her claims. No other reasonable sanctions short of dismissal are available. Accordingly, it is recommended that this case be dismissed pursuant to Fed.R.Civ.P. 41(b).

**III.    MOTION FOR SUMMARY JUDGMENT**

In the alternative, summary judgment is appropriate in this action because Plaintiff's claims are barred by the statute of limitations. Plaintiff's claims arise from an incident leading to her arrest on November 20, 2011. Incident Report (Ex. A to Def. Motion). Section 1983 does not contain an express statute of limitations. Therefore, in determining the proper statute of limitations in a § 1983 claim, the United States Supreme Court has found that the federal court should adopt the forum state's statute of limitations for personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir.1991) (stating that since "there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable [statute of limitations] must be borrowed from the analogous state statute of limitations") (internal citations omitted). Under South Carolina law, the statute of limitations for a personal injury claim is three years. See S.C. Code Ann. § 15–3–530(5). Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." Hamilton v. Middleton, No. 4:02–1952–23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003); see Hoffman v. Tuten, 446 F.Supp.2d 455, 459 (D.S.C.2006).

Even though the limitations period is borrowed from state law, however, the calculation of when the cause of action accrued is a matter of federal law. National Adver. Co. v. City of Raleigh,

947 F.2d 1158, 1162 (4th Cir.1991). Under federal law, the cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir.1995) (citing United States v. Kubrick, 444 U.S. 111, 122–24, 100 S.Ct. 352, 359–60, 62 L.Ed.2d 259 (1979)). Defendants argue that because the arrest at issue here occurred on November 20, 2011, Plaintiff's § 1983 causes of action for false arrest and excessive force, filed on June 17, 2015, are untimely.

A § 1983 claim for false arrest accrues when the claimant is detained pursuant to legal process. Wallace v. Kato, 549 U.S.384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007)(holding "that the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). In addition, because a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him," Nasim, 64 F.3d at 955, an excessive force cause of action accrues at the time the force is used. Because Defendants arrested Plaintiff and allegedly used excessive force against her on November 20, 2011, Plaintiff's § 1983 causes of action for false arrest and excessive force, filed June 15, 2015, are untimely.

Plaintiff also asserts state law claims for battery, negligence, and intentional infliction of emotional distress, for which the statute of limitations is also three years. S.C. Code Ann. § 15-3-530(5) (providing a three-year statute of limitations for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law"). Accordingly, these claims are untimely as well.

In sum, because Plaintiff failed to timely file this action within the applicable statute of limitations, dismissal of this case is appropriate.

-5-

### III.     CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).  In the alternative, it is recommended that Defendants' Motion for Summary Judgment (Document # 41) be granted and this case dismissed.

          s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 24, 2016
Florence, South Carolina