IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Christopher Hickson, | C/A. No. 4:15-2433-CMC |
| Plaintiff | |
| v. | |
| Officer John Stewart, *Individually and in his official capacity as a Lake City Police Officer*; Officer Sandy Thompson, *Individually and his official capacity as a Lake City Police Officer*; Officer Kevin Cook, *Individually and in his official capacity as a Lake City Police Officer*; Chief of Police Billy Brown and/or Jody Cooper, *Individually and in their official capacities as the former and/or present Chief of Police of the Lake City Police Department*; | **Opinion and Order** |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. §1983 on June 17, 2015[1]. ECF No. 1. Defendants Lake City Police Department and ABC Insurance Company were dismissed from the case on October 13, 2015. ECF No. 22. On February 9, 2016, the remaining Defendants filed a motion for summary judgment. ECF No. 41. A *Roseboro* order was entered by the court and mailed to Plaintiff on February 10, 2016,

---

[1] The date of filing as shown on the docket is June 17, 2015. The court is aware that Plaintiff avers she filed her Complaint on June 16, 2015, and indeed other documents filed that day (ECF Nos. 2-4) are stamped with the June 16, 2015 date. The Complaint is not. However, this one day difference is not determinative for resolution of the instant motion.

advising Plaintiff of the importance of a dispositive motion and the need for Plaintiff to file an adequate response. ECF No. 42. Plaintiff did not file a response.[2]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings and a Report and Recommendation ("Report"). On March 24, 2016, the Magistrate Judge issued a Report recommending that the case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or in the alternative that Defendants' motion for summary judgment be granted and the case dismissed. ECF No. 45. The Magistrate Judge advised the Parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on April 11, 2016. ECF No. 47. Defendants did not file objections.

## I. Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

## II. Discussion

---

[2] Plaintiff contends that she did not receive any instruction from the court regarding a response to Defendants' summary judgment motion. This will be addressed further below.

Plaintiff presents three general objections to the Report. The court reviews Plaintiff's objections below.

### a. Response to Summary Judgment Motion

In her April 11, 2016 filing, Plaintiff avers that she "did not file a response to the Motion for Summary Judgment because the court did not instruct her to do so. If indeed the court made such an instruction, it was not communicated to the Plaintiff." ECF No. 47. However, the docket shows that after the motion for summary judgment was filed on February 9, 2016, a *Roseboro* Order was sent to Plaintiff on February 10, 2016. ECF No. 42. This Order explains the process and importance of a response to the summary judgment motion, and requires that any response be filed within thirty-four (34) days. *Id.* The Order was placed in the mail to Plaintiff, addressed to the same P.O. Box Plaintiff provided to the court and where the Report was received by Plaintiff in March. It was not returned to the court as undeliverable.

The court has considered any prejudice that may have been suffered by Plaintiff if in fact she did not receive the *Roseboro* Order and did not file a response to the summary judgment motion for that reason. The summary judgment issues discussed below are legal issues, not factual issues, so Plaintiff's failure to submit a response to the summary judgment motion regarding her version of the facts has not prejudiced her. Because Plaintiff has timely objected to the Report, the court has considered Plaintiff's arguments against summary judgment and reviews the summary judgment motion and the Magistrate's Report *de novo*.

The Magistrate Judge did not have the benefit of Plaintiff's response, and so determined that Plaintiff had abandoned her case. As Plaintiff has filed objections to the Report and has not abandoned her case, the court will not dismiss her claims under Fed. R. Civ. P. 41(b) for failure to prosecute and as such will not adopt that portion of the Report.

### b. *Statute of Limitations*

Plaintiff next addresses the statute of limitations issue, arguing that Section 1983 does not contain an express statute of limitations. ECF No. 47 at 2. However, the law is well-settled on this question. While Plaintiff is correct that the statute of limitations is not contained within the text of § 1983, the Supreme Court has decided that the state's general statute of limitations for personal injury claims applies, even if the state has different statutes of limitation for intentional torts. *Owens v. Okure*, 488 U.S. 253, 249-50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); *see also Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit."). South Carolina law allows three years for a plaintiff to bring a personal injury action. S.C. Code Ann. § 15-3-530 (5). Therefore, the statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim. *See Hamilton v. Middleton*, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003). The statute of limitations accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff alleges five causes of action under § 1983 which appear to be a claim for false arrest, three claims of excessive force, and a claim of a "custom and policy of constitutional

4

violations."[3]  ECF No. 1, at ¶¶ 35-46.  The Magistrate Judge's Report concluded that all § 1983 claims accrued as of the date of arrest, which was November 20, 2011, and therefore that the Complaint, filed June 17, 2015,[4] was filed outside the statute of limitations.  ECF No. 45.

As determined by the Magistrate Judge, Plaintiff's § 1983 claims for excessive force and false arrest began to accrue on the date of the incident: November 20, 2011.  *See Wallace v. Kato*, 549 U.S. 384 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Smith v. McCarthy*, 349 F. App'x 851, 857 (4th Cir. 2009) (holding that claims regarding the events of the arrest, including excessive force, accrued as of the date of that incident, and thus were time barred when filed outside the statute of limitations running from that date).  Plaintiff's claim against the former police chief, Billy Brown, was limited to a period of time "prior to November 20, 2011."  ECF No. 1, at ¶ 46.  The statute of limitations expired three years after that date, or November 20, 2014.  Therefore, those claims were filed outside the statute of limitations and are untimely.

However, Plaintiff, in her objections to the Report, characterizes one of her claims as one of malicious prosecution. Although Plaintiff's complaint is somewhat difficult to construe and may not specifically allege a cause of action for malicious prosecution, the court recognizes that Plaintiff filed a motion to extend the time to amend her Complaint, which was granted but only gave her two days in which to do so.  ECF Nos. 34, 38.  Plaintiff did not file an Amended

---

[3] Plaintiff also filed state law claims for negligence, battery, intentional infliction of emotional distress, and vicarious liability.

[4] Or June 16, 2015, at the earliest.

Complaint, as she avers that she did not receive the Order granting the motion until the day on which an Amended Complaint was due. Accordingly, the court liberally construes her Complaint to contain a malicious prosecution cause of action within her § 1983 claims. ECF No. 1, at ¶ 26 ("The petitioner was wrongly charged with allegedly [sic] Failure to Stop for a Blue Light, Resisting Arrest and Reckless Driving. Offenses that the Petitioner did not commit but was maliciously charged. . . "); ¶ 37 ("By. . .falsely charging Petitioner with crimes she did not commit, Officers [ ] violated Petitioner's right to physical liberty.").

While there may not be an explicit § 1983 malicious prosecution claim, the Fourth Circuit has recognized a claim "founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution," which requires at least "a wrongful seizure and termination in her favor of the proceedings following her seizure." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). The statute of limitations for such a claim is three years, but the date of accrual is not until the criminal proceedings end in the plaintiff's favor. *Id.* (explaining that the favorable termination element constitutes a prerequisite for recovery, but also establishes the time from which the claim accrues for purposes of determining whether the statute of limitations has run). Therefore, though Plaintiff's other § 1983 claims are outside the statute of limitations, a claim based on the "malicious prosecution" analog may not be time barred.

In her Objections, Plaintiff alleges that the criminal proceedings against her were not complete until June 16, 2014, at which time she was acquitted of the charge of failure to stop for blue light and found guilty of resisting arrest. ECF No. 1, ¶ 27. Because Plaintiff's Complaint was filed well within three years of that date, her § 1983 claim alleging a Fourth Amendment violation akin to malicious prosecution is timely.

6

### *c. Summary Judgment*

While Plaintiff's § 1983 malicious prosecution claim passes the statute of limitations hurdle, it still must pass muster in the face of Defendants' summary judgment motion. The court has liberally construed Plaintiff's Complaint as alleging a claim for malicious prosecution, where Plaintiff must prove "a wrongful seizure and termination in her favor of the proceedings following her seizure." *Snider*, 584 F.3d at 199.

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

> (1)   A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or
>
> (B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

7

Fed. R. Civ. P. 56(c)(1).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc*., 53 F.3d 55, 62 (4th Cir. 1995).

The uncontested facts show that Plaintiff cannot prove an essential element of the § 1983 malicious prosecution claim – that the criminal proceedings were terminated in her favor. *Snider*, 584 F.3d at 199 (holding that favorable termination is a prerequisite for recovery). While Plaintiff was found not guilty of failure to stop for a blue light, it is an undisputed fact that she was found guilty of resisting arrest. ECF No. 1, ¶ 27. Therefore, the proceedings were not terminated in her favor, as she was not acquitted of all of the charges stemming from the conduct upon which her suit is based.

The Third Circuit has considered a similar situation, where a plaintiff brought a § 1983 malicious prosecution claim based on a criminal proceeding in which the plaintiff was acquitted on two charges, but found guilty on another charge that stemmed from the same conduct. *Kossler v. Crisanti*, 564 F.3d 181 (3d. Cir. 2009). In holding that the plaintiff could not show favorable termination of his criminal proceeding, the court reasoned that the "favorable termination element is not categorically satisfied whenever the plaintiff is acquitted of just one of several charges in the same proceeding." *Id.* at 188. Instead, because the plaintiff was found guilty of a charge that arose from the same course of conduct as the charges on which he was acquitted, the criminal proceedings did not end in the plaintiff's favor. *Id.* at 189.

In this case, even when taking the facts in the light most favorable to the Plaintiff, her charges of failure to stop for blue light and resisting arrest stemmed from the same course of conduct. Her contact with the police began when she drove away from the scene of an incident to which police were called and after a short drive pulled into a family member's driveway, at which point a police officer activated his siren and blue light. ECF No. 1, ¶ 14. Plaintiff acknowledges that it was at this point, when she came into contact with the first officer, that the alleged "unnecessary and excessive force began." *Id.* After that, her allegations concern her arrest, transport, and treatment. *Id.* at ¶¶ 15-25. Plaintiff's course of conduct in responding to the police officers led to both of her charges.

The *Kossler* court acknowledged but distinguished other cases that had allowed malicious prosecution claims when the plaintiff was convicted on one but not all charges: *Janetka v. Dabe*, 892 F.2d 187 (2d Cir. 1989), and *Uboh v. Reno*, 141 F.3d 1000 (11th Cir. 1998). *Id.* at 190. In these cases, the plaintiffs were acquitted on at least one charge but found guilty on another, and the courts determined that the charges were distinct enough to be considered separately for the purposes of the malicious prosecution action. In *Janetka*, the court held that the plaintiff's disorderly conduct charge was distinct because plaintiff's conduct was directed at an unidentified man, while the resisting arrest charge involved actions directed at the officer's attempts to arrest him. 892 F.2d at 190. Therefore, the plaintiff's acquittal on the resisting arrest charge meant that his malicious prosecution claim based on that charge could survive, because the disorderly conduct charge did not arise out of the same set of circumstances. *Id.* The charges making up the criminal proceeding against the § 1983 plaintiff in *Uboh* were even more distinct. 141 F.3d at 1005. That plaintiff was charged with credit card fraud and drug importation, and was found guilty of credit card fraud while his drug charges were dropped by the prosecutor. *Id.* The *Uboh*

9

court held that the plaintiff fulfilled the favorable termination requirement for his § 1983 claim that officers fabricated his drug charges, which were wholly distinct actions as compared to the credit card fraud charges. *Id.*

Here, Plaintiff's case of two non-distinct charges is easily distinguishable from *Janetka* and *Uboh*. First, Plaintiff did not separate the charges for purposes of her § 1983 malicious prosecution claim by clarifying on which charge her §1983 claims rested. Further, her charges, and the conduct upon which they rest, are intertwined. Her charges of failure to stop for blue light and resisting arrest are directed at the same people: the police officers who were attempting to investigate an incident and arrest her. Her actions leading to both charges are part of the same course of conduct of not complying with the officers. *See Kossler*, 564 F.3d at 189 ("[Plaintiff's] acquittal on the aggravated assault and public intoxication charges cannot be divorced from his simultaneous conviction for disorderly conduct when all three charges arose from the *same course of conduct*.") (emphasis added).

Even if the charges could be separated so that Plaintiff could show favorable termination on her failure to stop for blue light charge, Plaintiff was found guilty on the resisting arrest charge, which stemmed from the same conduct she disputes in her malicious prosecution claim. Plaintiff's § 1983 malicious prosecution claim does not seek damages for the officer's conduct on her failure to stop for a blue light charge; it is the resisting arrest where her injuries are purportedly suffered. Therefore, that charge is the one which is most closely related to her malicious prosecution claim, and a guilty verdict on that charge is fatal to her claim. Plaintiff argues that because her arrest for failure to stop for blue light was unlawful, she cannot be found to have resisted an unlawful arrest (ECF No. 47); however, she was found guilty of this very charge. It is not within the province of this court to determine whether Plaintiff was actually

guilty of resisting arrest. The state court has found her guilty, and that guilty verdict means that she cannot show favorable termination of her claims in order to proceed on her § 1983 malicious prosecution action.

As a matter of law, Plaintiff cannot prove an element of the § 1983 malicious prosecution cause of action. Summary judgment for Defendants on this claim is proper.

### d. *Pendency of State Law Claims*

The Magistrate's Report recommends that Plaintiff's state law claims be dismissed as beyond the statute of limitations. After *de novo* review, the court has determined that Plaintiff's state law claims are untimely, and as such adopts this portion of the Report and dismisses Plaintiff's state law claims.

## III.     Conclusion

Plaintiff's § 1983 claims for excessive force, false arrest, and custom and policy of excessive force were filed outside the statute of limitation, and so the court adopts the Report to the extent that it recommends summary judgment and dismissal of those claims. Plaintiff's only federal claim that survived the statute of limitations, based on allegations akin to malicious prosecution, is defeated on summary judgment. Therefore, Plaintiff's federal causes of action are hereby **dismissed with prejudice**. Plaintiff's state claims were filed outside the statute of limitations and as such are **dismissed with prejudice**.

**IT IS SO ORDERED.**

                                                  s/ Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  Senior United States District Judge

Columbia, South Carolina
April 26, 2016